## ZOLLAR v. JANVRIN.

Upon review, no matter or thing which has arisen since the judgment in the original cause can be pleaded in bar of the further maintenance of the suit.

A review is, in its nature, a new trial of the issues before tried between the parties, unless the court grant leave to amend the pleadings.

An action of review is a *chose in action,* which, in virtue of an adjudication of bankruptcy vests in the assignee, who is, alone, empowered to prosecute or defend it, in his own name.

Certain provisions of the 14th and 20th Sections of the United States Bankrupt Law of 1867, considered.

The facts of this case are sufficiently disclosed in the opinion of the court.

*Hatch*, for the plaintiff.   Cited the bankrupt law of 1867 §§ 14, 20;  *Smith* v. *Brown.* 14 N. H., 509;  *Peck* v. *Jenness*, 7 How, 612;  *Ames* v. *Wentworth*, 5 Met., 294; *Flagg* v. *Tyler*, 6 Mass,, 36.

*Wood*, with whom was *Batchelder*, for the defendaut.   Cited General Statutes chap. 205, § 36;  *Badger* v. *Gilmore*, 37 N. H., 463;  *Bell* v. *Bartlett*, 7 N. H., 181;  *Carpenter* v. *Pevere*, 13 N. H., 403;  *Goodall* v. *Batchelder*, 17 N. H., 386;  *Messer* v. *Swan*, 4 N. H., 481;  *Otis* v. *Currier*, 17 N. H., 463;  *Burley* v. *Burley*, 6 N. H., 204;  *Savings Bank* v. *Colcord*, 15 N. H., 119;  *Watriss* v. *Pierce*, 32 N. H., 574, 577;   General Statutes chap. 215, §§ 9, 11, 13.

FOSTER. J.   The original writ in favor or  *Zollar* v. *Janvrin* was sued out January 8, 1866, and, by virtue of it, the original defendant's property was attached.   The plaintiff obtained a judgment at the October term of court 1867; but an action of review having been commenced on the 17th day of December, 1867, within thirty days after judgment in the original cause, execution was stayed, under the 48th rule of court, which provides for the stay of execution upon the filing of a bond by the defendant "conditioned to prosecute his review to final judgment and to pay all such damages and costs as shall be adjudged against him on such review," &c.   The defendant filed the requisite bond, and the attachment upon the original writ was thereby dissolved.

More than four months later, April 30, 1868, the defendant filed his petition in bankruptcy, and received his discharge on the 24th of October, 1868.   He now pleads such discharge in bar of the further maintenance of the suit.   To this the plaintiff replies that the bond filed under the rule was but a substitute for the security obtained by the attachment; and that said attachment having been made and said bond, which was substituted therefor, having been filed more than four months prior to the defendant's petition in bankruptcy, such a lien upon the defendant's estate is created thereby as is protected from the operation of the bankrupt act.   To the plaintiff's replication the defendant demurs.

But it does not seem to be necessary, at this time, to consider the question whether the attachment or security provided by the bond is, or is not, a lien upon the bankrupt's estate, within the *proviso* of the 14th section of the bankrupt act of 1867, which is to the effect that no mortgage, for present considerations, duly recorded and otherwise valid, shall be affected by assignment in bankruptcy ; nor whether the *proviso* of section 20 of the same act, to the effect that a creditor, having a lien upon the estate of the bankrupt, shall be admitted as a creditor, only for the balance, after deducting the value of the property to which the lien applies, is an indication that the security provided by the bond, in this case, is a lien, protected by the bankrupt law.

Under similar provisions of the law of 1841 it was held that a

creditor, having acquired a lien by an attachment, undissolved, or a judgment unsatisfied, may finish his levy upon the property, and prove, as creditor, any unpaid balance ; that if his lien is by attachment, made more than four months prior to the petition in bankruptcy, he may apply to the District Court of the United States, for leave to prosecute his suit to final judgment, in order to avail himself of his security ; and that where the lien of a judgment has attached, it cannot be defeated by the subsequent bankruptcy or the judgment debtor.    *Talbert* v. *Melton*, 9 S. & M. 9 ; that the lien of a judgment is preserved, and if absolute at the time the bankruptcy was instituted, it completely overrules the decree.    *Doremus* v, *Walker*, 8 Ala., 194.

The second section of the bankrupt law of 1841 provided that nothing in that act contained should be construed to annul, destroy or impair " any liens, mortgages or other securities," valid by the laws of the States, respectively, &c.

Perhaps it would not be unreasonable, nor inequitable to hold that, although the terms of the *proviso* in the 14th section of the act of 1867 are not so general and comprehensive as the term *lien*, expressed in the 2d section of the act of 1841, yet, taking the whole act together, and, especially, considering in the same light, the 14th and 20th sections, the present act may be regarded as preserving to the creditor, having a security or lien, inchoate or perfected, as full exemption from the operation of the act as was accorded to such creditor by section 2 of the act of 1841.

If such a construction be admissible, it wtll be found that numerous authorities, in this State and elsewhere, would seem to indicate that the lien by attachment and judgment under the state laws is fully protected.

Thus, in this state, it has been held that an attachment upon mesne process, *bona fide* made, before any act of bankruptcy or petition by the debtor, is a lien or security upon property, valid by the laws of the state, and so within the proviso of section 2 of the act of 1841 ; that the attachment being saved by the proviso, the means of making it effectual are also saved, and the certificate of the discharge of the bankrupt cannot, when pleaded, operate as a bar to the further maintenance of the action.    If so pleaded, the plaintiff may reply the existence of the attachment, in which case a special judgment will be entered and execution issued against the property attached.    *Kittredge* v. *Warren*, 14 N. H., 509, and see *Smith* v. *Brown, Ibid*, 67.

It would seem to be beyond doubt, that if it be the policy of the law to protect such securities, its protection should also be extended to the case where, for the benefit of the debtor, the lien of an attatchment is only dissolved by the substitution of another security· The law does not contemplate the discharge of a debtor from liability, by giving him the right of review.    And if the attachment is a protected security or lien, so it would seem, should be regarded the debtor's bond, whatever may be its practical value, independent of

the sureties.  The creditor's right to the security afforded by the bond is in the nature of a lien, to secure such judgement as may, upon review, be rendared in his favor.  *Peck* v. *Jenness*, 16 N. H. 526 ; S. C. 7 How. 612 ; *Ames* v. *Wentworth*, 6 Met. 294 ; *Clark* v. *Rist*, 3 McLean 494.

A lien, in equity, can be enforced against the assignee.  Therefore, it was held, under the statute of 1841, that the proviso, protecting liens on the bankrupt's property, embraces all liens which are valid by state laws, although no security may exist in the state jurisprudence to enforce them.  *Fletcher* v. *Morey*, 2 Story 555.

Both in law and equity, liens may exist without possession.  *Parker* v. *Muggrige*, 2 Story 334 ; and see *ex parte Kensington*, 2 Ves. & B. 83.

If the bond in this case be regarded as a mere substitution of one security for another, the matter before us is not complicated by the consideration of the fact that the proceedings at bar have arisen upon an action of review.  The bond was filed more than four months previous to the bankrupt's petition.  Only such attachments are dissolved by proceedings in bankruptcy as are made within four months prior to the filing of the bankrupt's petition.  Bankrupt law of 1867 §14.

But however this may be,—and the foregoing remarks are to be regarded as suggestions, merely, since we do not feel called upon to pass, definitely, upon the questions thus involved,—upon other considerations, we are of the opinion, that the defendant, in the present case, cannot interpose the plea alleging his discharge, in bar or the further maintainance of the suit.

This is an action of review.  The writ was issued Dec. 17, 1867.

A review is not pending before the suing out of the writ.  *Badger* v. *Gilmore*, 37, N. H. 67 ; *Plumer* v. *Fogg*, 18 N. H. 559.  And it is very clearly settled, in this state, that, upon review, no matter or thing which has arisen since the judgment in the original writ, can be pleaded in bar of the original action.  If the verdict and judgment were originally right, nothing which has since occurred can make them wrong.  A review, is, in its nature, a new trial of the issues before tried between the parties, unless the court grant leave to amend the pleadings.  Such leave would not avail the defendant.  The original pleas are abandoned, and the defendant relies entirely upon matter which has arisen since the judgment was rendered against him.  " We are not aware," said Mr. Ch. J. Richardson of any new matter, that can be pleaded by a plaintiff, [the original defendant] in review.  *Bailey* v. *Bailey*, 6 N. H. 205 ; *Barker* v. *Wendell*, 12 N. H. 119,

Such a plea is irregular, and is not cured or strengthened by a replication.  *Otis* v. *Currier*, 17 N. H. 463.

There is still another obstacle in the way of the prosecution of this suit.  The 14th section of the Bankrupt act provides that mortgages, under the conditions specified in the section, shall not be invalidated by proceedings in bankruptcy ; but that all the bankrupt's

" rights in equity," " choses in action," all debts due him, or any person for his use, and all liens and securities therefor, and all his rights of action for property or estate, real or personal, and for any cause of action which the bankrupt had against any person, arising from contract or from the unlawful taking or detention of, or injury to the property of the bankrupt, and all his rights of redeeming such property or estate, with the like right, title, power and authority to sell, manage, dispose of, sue for and recover, or defend the seme, as the bankrupt might or could have had, if no assignment had been made, shall, in virtue of the adjudication of bankruptcy and the appointment of his assignee, be *at once vested in such assignee*, and he may sue for and recover the said estate, debts and effects, and may prosecute and *defend* all suits at law or in equity, pending at the time of the adjudication in bankruptcy, in which such bankruptcy is a party, *in his own name*, in the same manner and with the like effect as they might have been prosecuted or defended by such bankrupt."

This action of review, is merely a " chose in action," which, " in virtue of the adjudication of bankruptcy," became vested in the assignee ; and thenceforth the defendant was divested of the same ; and the assignee was alone empowered to sue for and recover any debts or claims of the bankrupt, and to prosecute and defend, in his own name, all suits, at law or in equity, pending at the time of the adjudication of bankruptcy, in which the bankrupt was a party ; and in the present case, whatever might be recovered upon the review, in the way of damages or costs, or in reduction of either, must be recovered *by the assignee*, for the benefit of the creditors of the bankrupt, whose rights, as well as those of the bankrupt, the assignee represents.

Such being the case, this plaintiff in review has no personal right to prosecute the action ; and the original plaintiff should have judgment.

" Courts will sometimes set aside a plea *puis darrein continuance*, when it is manifestly fraudulent and against the justice of the case." 1 Chitty pl. 661. To permit a party to prosecute his writ of review, not for the purpose of reversing an erroneous judgment, but for the sake of preventing the satisfaction of an honest debt and for discharging a lawful security, by interposing proceedings in bankruptcy, contrary to any beneficient designs of the law, would be to lend the aid of the court to the consummation of gross injustice.

The facts and circumstsnces of this case certainly furnish strong grounds for suspicion that the action of review was instituted for no honest purpose. The defendant gave his bond with condition that he should prosecute his review ; and thereby obtained a release of the attachment. He now sets up his own voluntary act of bankruptcy to defeat the suit, the attachment and the security afforded by the bond. The court will not assist in the accomplishment of this design. The demurrer is overruled.

*Judgment for the plaintiff.*